IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHENG CHUNG LIANG a/k/a CHENG CHING LIANG, TEH KUI SUN and FU SHIUNG CHEN, On behalf of themselves and others similarly Situated,<br><br>                                          Plaintiffs,<br><br>      -against-<br><br>J.C. BROADWAY RESTAURANT, INC. d/b/a EMPIRE SZECHUAN UPPER MANHATTAN, EMPIRE SZECHUAN NOODLE HOUSE, INC., d/b/a EMPIRE SZECHUAN WASHINGTON HEIGHTS, SZECHUAN RESTAURANT OF COLUMBUS, INC. d/b/a EMPIRE SZECHUAN KYOTO, CHING CHOU WU a/k/a JOE WU, AH FONG CHANG a/k/a MISA CHANG, ERIC C.F. MA, JESSICA MA and BETTY,<br><br>                                          Defendants. | 12-CIV-1054 (TPG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**<u>CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE</u>**

John Troy, Esq.
John Troy & Associates, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, NY  11355
Tel:  (718) 762-1324
Fax:  (718) 762-1342
johntroy@troypllc.com

Table of Contents

Page

Table of Authorities……………………………………………………………………………………ii

Preliminary Statement…………………………………………………………………………......2

Procedural History…………………………………………………………………………………...3

The Parties…………………………………………………………………………………………...3

      A. Plaintiffs…………………………………………………………………………….....3

      B. Defendants……………………………………………………………………………….4

Factual Background……………………………………………………………….…………………4

Argument……………………………………………………………………………………………..6

      A. Court-Authorized Notice is Fair, Practicable, Necessary, and Advances the
         FLSA's Goals……..……………………………………………………………………..6

      B. Expeditious Notice is Necessary to Protect the Rights of the Plaintiffs……………...7

      C. Equitable Tolling of the Statute of Limitations is Necessary to Protect the
         Plaintiffs………………………………………………………………………….........…7

      D. Plaintiffs Exceed the Low Burden for Conditional Certification ……...………..…....8

         1. The Named Plaintiffs, and Prospective Collective Action Members are Similarly
            Situated with Respect to their Claims…………………………………......…...…11

         2. The Named Plaintiffs, and Prospective Collective Action Members are Similarly
            Situated with Respect to their Job Duties………………………….....…………..12

      E. The Court Should Approve Plaintiffs' Proposed Notice……………………….......13

Conclusion……………………………………………………………………………………….14

Table of Authorities

**CASES**                                                 **Page(s)**

*Anglada v. Linens 'N Things, Inc.*,
    2007 WL 1552511 (S.D.N.Y. 2007)..................................................................................8

*Braunstein v. E. Photo. Labs., Inc.*,
    600 F.2d 335 (2d Cir. 1978).................................................................................................6- 7

*Brock v. Superior Care, Inc.*,
    840 F .2d 1054 (2d Cir.1988)..............................................................................................7-8

*Cohen v. Gerson Lehrman Grp. Inc.*,
    686 F. Supp. 2 d 317 (S.D.N.Y. 2010)………………………………………………….....10

*Cuzco v. Orion Builders, Inc.*,
    477 F.Supp.2d 628 (S.D.N.Y. 2007)....................................................................................7

*Damassia v. Duane Reade, Inc.*,
    250 F.R.D. 152 (S.D.N.Y. 2008).........................................................................................12

*Diaz v. Scores Holding Co., Inc.*,
    No. 07 Civ. 8718, 2008 WL 7863502 (S.D.N.Y. 2008)……...............................................13

*Fasanelli v. Heartland Brewery, Inc.*,
    516 F.Supp. 2d 317 (S.D.N.Y.2007)....................................................................................8

*Francis v. A & E Stores Inc.*,
    No. 06 Civ. 1638, 2008 WL 4619858 (S.D.N.Y. 2008)...........…......……......................10

*Hallissey v. Am. Online, Inc.*,
    No. 99 Civ. 3785, 2008 WL 465112 (S.D.N.Y. 2008).......................................................11-12

*Heagney v. European American Bank*,
    122 F.R.D. 468, 483 (E.D.N.Y. 2001)................................................................................12

*Hoffman v. Sbarro*,
    982 F. Supp. 249 (S.D.N.Y.1997)...…….....……………………………………….........6-9

*Hoffmann-La Roche Inc. v. Sperling*,
    493 US 165 (1989)………..………………………………………………..….......…7, 13

*Holbrook v. Smith & Hawken, Ltd.*,
    246 F.R.D. 103 (D. Conn. 2007)...…..………….……………..…..........................12

*Iglesias-Mendoza,*
  239 F.R.D. at 369……………………………………………………………………..………8

*Indergit v. Rite Aid Corp.*,
  Nos. 08 Civ. 9361 & 11364, 2010 WL 2465488 (S.D.N.Y. 2010)…....................…...…....11

*Jackson v. New York Telephone Co.,*
  163 F.R.D. 429, 431 (S.D.N.Y. 1995)…………………………………………………...9

*Jacobsen v. Stop & Shop Supermarket Co.*,
  2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. 2003)…………………………………………12

*Krueger v. New York Telephone Co.,*
  1993 WL 276058 (S.D.N.Y. 1993)………………………………………………………9

*Lee v. ABC Carpet & Home,*
  236 F.R.D. 193 (S.D.N.Y. 2006)……………………………………..……………………..8

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp.2d 357 (S.D.N.Y. 2007)………………………………………….…..……..6

*Masson v. Ecolab. Inc.,*
  No. 04 Civ. 4488, 2005 WL 2000133 (S.D.N.Y. 2005)……………………….………10

*Myers v. Hertz Corp.,*
  624 F.3d 537,554 (2d Cir. 2010)……………………………………………………..6-11

*Ruggles v. WellPoint,, Inc.*,
  591 F.Supp.2d 150, (N.D.N.Y. 2008)……………………………...………………………7

*Shajan v. Barolo, Ltd.*,
  No. 10 Civ. 1385, 2010 WL 2218095 (S.D.N.Y. 2010)…………………………………6, 9

*Sipas v. Sammy's Fish box, Inc.,*
  No. 05 Civ 10319, 2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006)……………………..…..10

*Toure v. Central Parking Sys. of New York*,
  2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. 2007)…………....………………………...…12

**STATUTES**

29 U.S.C. § 206…………………………………………………………………………..11

29 U.S.C. § 207……………………………………………………………………………..11

29 U.S.C. § 216……………………………...…………………………………………………passim

29 U.S.C. § 255……………………………………………………………………………………….7-8

NEW YORK LABOR LAW § 650………………….………………………………………….2-3

**RULES AND REGULATIONS**

NEW YORK CODES, RULES AND REGULATIONS § 137…………………………………...………2-3

**PRELIMINARY STATEMENT**

John Troy & Associates, PLLC., represents Cheng Chung Liang, Teh Kui Sun and Fu Shiung Chen (collectively the "Named Plaintiffs") on behalf of themselves and others similarly situated (collectively the "Prospective Collective Action Members" or "Plaintiffs"), in a Fair Labor Standards Act ("FLSA") collective action pursuant to 20 U.S.C. § 216(b), against J.C Broadway Restaurant Inc. (d/b/a Empire Szechuan Upper Manhattan), Empire Szechuan Noodle House, Inc. (d/b/a Empire Szechuan Washington Heights), Szechuan Restaurant of Columbus, Inc. (d/b/a Empire Szechuan Kyoto), Ching Chou Wu a/k/a Joe Wu, Ah Fong Chang a/k/a Misa Chang, Eric C.F. Ma and Betty (collectively the "Defendants"), for failing to pay their hourly paid, non-managerial employees minimum wages and overtime pay as required by the FLSA.

Additionally, Defendants face a class action lawsuit for failing to pay the hourly-paid, non-managerial employees "spread-of-hours" payments for each day they worked ten (10) or more hours as required by New York Labor Law ("NYLL") §§650 *et seq.*, and New York Codes, Rules and Regulations ("NYCRR") § 137-1.7.

Before the court is the motion of Plaintiffs to certify conditionally a collective action pursuant to 29 U.S.C. § 216(b). Through this motion the Plaintiffs seek to protect the rights of all of the non-managerial personnel employed by the Defendants at all of their restaurants throughout the City and State of New York by: (1) timely sending them a Court approved Notice of this Lawsuit, along with the opt-in forms, to be posted in conspicuous locations in the Defendants' New York restaurants; (2) equitable tolling of collective members' claims so that they can make an informed decision about whether to join this action to recover the unpaid wages the Defendants owe them; and (3) requesting production of contact information, including alternate phone numbers and addresses, last known email addresses, work locations, and dates of

employment of all the Defendants' former and current non-managerial employees.

## PROCEDURAL HISTORY

Plaintiffs filed a Class Action Complaint in the Southern District of New York on February 10, 2012, under the FLSA. Annexed hereto as "Exhibit 01." The Complaint alleged that Plaintiffs are entitled to recover from Defendants, unpaid overtime wages of at least one and one-half (1.5x) times the regular pay at which they were employed for every hour worked in excess of forty (40) hours in a single workweek, unpaid minimum wages, liquidated damages equal to the sum of their unpaid overtime compensation, and attorney's fees and costs pursuant to the FLSA 29 U.S.C. §§ 201, *et seq.*, NYLL §§ 650, *et seq.*, and NYCRR § 137-1.7 for "spread of hours" payments for each day they worked ten (10) or more hours.

On March 2, 2012 Plaintiffs and Defendants, through their attorneys filed a Stipulation extending Defendants time to file an Answer to March 30, 2012. Similarly, on March 28, 2012, Plaintiffs and Defendants, through their attorneys filed a Stipulation extending Defendants time to file an Answer to April 13, 2012. On April 13, 2012, Defendants filed an Answer to the February 10th Complaint. Annexed hereto as "Exhibit 02."

## THE PARTIES

**A.    Plaintiffs**

Plaintiff, Cheng Chung Liang a/k/a Cheng Ching Liang ("Liang"), Teh Kui Sun ("Sun"), and Fu Hsiung Chen ("Chen") were all employed by Defendants as Chefs in one of their restaurants. Liang was employed by Defendants from October 2009 to November 2011. Sun was employed by Defendants from January 2011 to April 2011, and Chen was employed by Defendants from November 2010, to the present. Complaint ¶¶ 6-8.

### B.     Defendants

J.C. Broadway Restaurant, Inc. (d/b/a Empire Szechuan Upper Manhattan), Empire Szechuan Noodle House, Inc. (d/b/a Empire Szechuan Washington Heights), and Szechuan Restaurant of Columbus, Inc. (d/b/a Empire Szechuan Kyoto) are all members of a restaurant chain known as Empire Szechuan. Complaint ¶ 16. The Empire Szechuan restaurant chain is an "enterprise" as defined by the FLSA that had gross sales in excess of $500,000 for all relevant periods. Complaint ¶ 11.

Ah Fong Chang a/k/a Misa Chang is the chairwoman, chief executive officer, and/or owner of Empire Szechuan Upper Manhattan, Empire Szechuan Washington Heights and Empire Szechuan Kyoto. Ching Chou Wu a/k/a Joe Wu is an owner and officer of Empire Szechuan Upper Manhattan. Eric C.F. Ma is an owner, officer, and/or manager at Empire Szechuan Upper Manhattan, and Jessica Ma is an owner and/or officer of Empire Szechuan Upper Manhattan and Empire Szechuan Washington Heights.  All of these individuals had the authority to hire and fire employees, set wages, set terms and conditions of employment, and maintain employment records. Complaint ¶¶ 17-22.

## FACTUAL BACKGROUND

The Named Plaintiffs and Prospective Collective Action Members are former and current employees of the Empire Szechuan restaurant chain owned and operated by Defendants.  As alleged in their Affidavit and Complaint, the Named Plaintiffs experienced a common set of policies and practices by the Defendants as to overtime and minimum wages, and spread-of-hours pay in violation of the FLSA, NYLL, and NYCRR.  Further, Named Plaintiffs allege that there are additional former and current employees who have been victim to the same unlawful employment practices.

The employment policies and practices common to the Named Plaintiffs included the following:

a. The Defendants required the Plaintiffs to regularly work in excess of forty (40) hours per work week for less than the required one-and-one-half times the regular wage rate for work in excess of forty (40) hours. See Liang's Affidavit ¶ 7, annexed hereto as "Exhibit 03." Complaint ¶ 39.
b. The Defendants willfully failed to keep records required by the FLSA even though the Named Plaintiffs were entitled to overtime pay. Liang's Aff. ¶ 9, Complaint ¶ 40.
c. The Defendants willfully failed to post the required United States Department of Labor, and New York State Department of Labor posters regarding overtime pay. Liang's Aff. ¶ 10.
d. The Defendants willfully failed to pay the Plaintiffs at the minimum wage rate for each hour worked as required by the FLSA, and NYLL, and willfully failed to keep records required by the FLSA even though Plaintiffs were entitled to the minimum wage. Laing's Aff. ¶¶ 10, 13-15, Complaint ¶¶ 48-50, 53-55.
e. The Defendants willfully failed to pay the Plaintiffs one extra hour's pay at the basic minimum hourly wage rate for each day Plaintiffs' spread-of-hours worked exceeded ten (10) hours, as required by the NYCRR. Liang's Aff. ¶ 16.

The complaint in this action, filed February 10, 2012, alleges violations of the FLSA, NYLL, and NYCRR. The claims are asserted on behalf of the Named Plaintiffs, and Prospective Collective Action Members.

The Named Plaintiffs now seek an order pursuant to 29 U.S.C. § 216(b) granting conditional certification, and authorizing the Named Plaintiffs to send notice to all Prospective Collective Action Members. Specifically, Plaintiffs seek conditional certification of the following similarly situated individuals:

> all of those hourly paid, non-managerial employees of the Defendants, including but not limited to chefs, waiters, kitchen workers, dishwashers, delivery persons or any other equivalent employee, who previously worked, or is currently

5

working at one of the Defendants' restaurants during the past three (3) years and who:

    (i)     worked overtime during that period;
    (ii)    did not receive minimum wages for all hours worked;
    (iii)   did not have their employment period properly recorded;
    (iv)   did not receive vacation time as agreed upon;
    (v)    were denied meal breaks; or
    (vi)   were not informed about tip credit rules, or were required to pool tips with managerial or non-service employees.

## ARGUMENT

**A.    Court- Authorized Notice is Fair, Practicable, Necessary, and Advances the FLSA's Goals.**

The FLSA permits private parties to bring an overtime claim "[o]n behalf of…themselves and other employees similarly situated." 29 U.S.C. § 216(b). Further, the FLSA states "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. In order to achieve the FLSA's "broad remedial purpose[.]" district courts have the power to order that notice be given to other potential members of the plaintiff class under the "opt-in" provision of the FLSA dealing with actions for nonpayment of statutorily required minimum wages and overtime compensation. *Braunstein v. E. Photo. Labs., Inc.,* 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied,* 441 U.S. 944 (1979); *Myers v. Hertz Corp.,* 624 F.3d 537,554 (2d Cir. 2010) ("[D]istrict courts have 'discretion, in appropriate cases, to implement [§ 216(b)]…by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp.2d 357, 371 (S.D.N.Y. 2007); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, *1 (S.D.N.Y. June 2, 2010).

The Court discussed the law governing class notice under the FLSA in *Hoffman v. Sbarro,* 982 F. Supp. 249, 262-262 (S.D.N.Y.1997), where it stated "It is well settled that district courts

have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA". "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche Inc. v. Sperling,* 493 US 165, 172 (1989).

Moreover, collective actions provide workers an opportunity to "lower individual costs to vindicate rights by…pooling…resources[,]" and enable the "efficient resolution in one proceeding of common issues of law and fact." *Id*. at 170. Notice here will provide collective members with a single forum in which to determine whether the Defendants' overtime policies are lawful.

**B.    Expeditious Notice is Necessary to Protect the Rights of the Plaintiffs.**

Employees must receive timely notice in order for the "intended benefits of the collective action…to accrue." *Cuzco v. Orion Builders, Inc.,* 477 F.Supp.2d 628, 635 (S.D.N.Y. 2007). The FLSA statute of limitations runs until an employee files a consent form. *Hoffmann*, 982 F. Supp. at 260. Time is of the essence because the Plaintiffs claims are diminished or extinguished every day. Timely notice will curtail their continued erosion, *Ruggles v. WellPoint,, Inc.*, 591 F.Supp.2d 150, 162 n.12 (N.D.N.Y. 2008), and is necessary to effectuate the FLSA's "broad remedial purpose." *Braunstein*, 600 F.2d at 336.

**C.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs.**

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates

7

or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-in period.

Plaintiffs also request that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Courts routinely approve a three-year notice period. *See, e.g., Iglesias-Mendoza,* 239 F.R.D. at 369 ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action*.*"); *Anglada v. Linens 'N Things, Inc.,* 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007) ("[W]here there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time" but noting the possibility of "decertification at a later time").

**D.     Plaintiffs Exceed the Low Burden for Conditional Certification.**

In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers*, 624 F.3d at 554-55. First, at the "notice stage," the plaintiffs must establish that other employees "may be similarly situated" to them. *Id.* at 555 (internal quotation marks omitted). "Nothing more is needed at this stage of the litigation." *Shajan*, 2010 WL 2218095, at *1.

Neither the FLSA nor its implementing regulations define the term "similarly situated" however; courts have held that Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *Jackson v. New York Telephone Co.,* 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (at the preliminary notice stage, "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); *Hoffmann*, 982 F. Supp. at 261 *(*at the conditional certification stage, a plaintiff must make only "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."); *Krueger v. New York Telephone Co.,* 1993 WL 276058 (S.D.N.Y. July 21, 1993) (when the litigation is in its early stages, plaintiffs need only provide "some factual basis from which the court can determine if similarly situated plaintiffs exist"). At this stage, the burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated." *Jackson,* 163 F.R.D at 431 ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted.").

Here, Plaintiffs submit sufficient evidence to meet the minimal standard required for conditional certification. Courts in this circuit generally make the decision to grant conditional certification based on the pleadings and any affidavits that may have been submitted. Conditional certification has been granted regularly by courts in this circuit based on the testimony of one or two plaintiffs and little more. *See Cohen v. Gerson Lehrman Grp. Inc.,* 686 F. Supp. 2 d 317, 331 (S.D.N.Y. 2010) ("The complaint and [plaintiff's] Affidavit are sufficient to warrant preliminary certification of a collective action in this case"); *Francis v. A & E Stores Inc.,* No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct.16, 2008) (granting conditional certification based upon a single affidavit and deposition testimony that job duties were similar at all stores); *Sipas v. Sammy's Fish box, Inc.,* No. 05 Civ 10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (conditionally certifying collective on basis of three affidavits and complaint's allegations); *Masson v. Ecolab. Inc.,* No. 04 Civ. 4488, 2005 WL 2000133, at *14 (S.D.N.Y. Aug. 17, 2005) (conditionally certifying collective on the basis of affidavits from three opt-in plaintiffs).

In this case, in their complaint, Plaintiffs have alleged that Defendants operated under a policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs overtime wages at one-and-one-half times their regular wage for those hours worked in excess of forty (40) hours per work week, and refusing to pay Plaintiffs the minimum wage rate for each hour worked during a work week. Complaint ¶¶ 39-40, 44, 49-50, 53-55. Further, Plaintiffs have alleged that Defendants willfully failed to keep records of wages and hours as required by the FLSA. Complaint ¶¶ 39, 49. Similarly, Plaintiffs alleged that Defendants failed to post the required United States Department of Labor, and New York Department of Labor signs regarding overtime pay. Liang's Aff. ¶ 10.

It is during the second stage that the District Court has a fuller record, and will "…determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. Where the court determines that the plaintiffs are not similarly situated, "the action may be "de-certified,"… and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id*.

### 1. The Named Plaintiffs, and Prospective Collective Action Members are Similarly Situated with Respect to their Claims.

This lawsuit challenges a straightforward uniform policy set forth by the Defendants. Specifically, the common policy and plan upon which Defendants operate in exempting *all* of its non-managerial employees from the FLSA and NYLL minimum wage and overtime protection. See Defendants' Answer ¶49. Additionally, this law suit challenges the Defendants' failure to pay its non-managerial employees minimum wage and overtime wages as required under 29 U.S.C. §§ 206, 207(a)(1). This is precisely the type of claim that the Second Circuit has recognized as being appropriate for conditional certification. *Myers*, 624 F.3d at 555 ("In an FLSA exemption case, plaintiffs [can meet their burden] by making some showing that 'there are other employees…who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme.") (quoting *Morgan*, 551 F.3d at 1259).

Courts have held that a "blanket" classification policy, like the Defendants' policy, without much more, can meet the low threshold for conditional certification. *See Indergit v. Rite Aid Corp.*, Nos. 08 Civ. 9361 & 11364, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010) (conditional certification "may be appropriate . . . where defendants have admitted that the

11

actions challenged by plaintiffs reflect a company-wide policy"); *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008) (plaintiffs were similarly situated where they alleged that they were all misclassified as volunteers); *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007) ("The consistent manner in which Smith & Hawken classified its [Assistant Store Managers] is sufficient to carry [Plaintiff]'s burden" to show that they were similarly situated). In certifying a class of Duane Reade ASMs in 2008, Judge Lynch found that Duane Reade's "blanket determination is evidence that differences in the position, to the extent that there are any, are not material to the determination of whether the job is exempt from overtime requirements." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

### 2. The Named Plaintiffs, and Prospective Collective Action Members are Similarly Situated with Respect to their Job Duties.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 468, 483 (E.D.N.Y. 2001) (citing *Heagney* in holding that "in order to be 'similarly situated,' the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all.").

Moreover, it does not matter that the prospective class members perform different duties. *See, e.g.*, *Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) at *7 (class of trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007), at *8 (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing

sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F.Supp. 249, 261 (S.D.N.Y. 1997)).

In alleging that they were subject to common employment policies and practices that violated the FLSA, the Named Plaintiffs have met their minimal burden for collective action certification. The Named Plaintiffs further state that they personally worked with other employees of the Defendants who, from the Named Plaintiffs' observations and discussions with the other employees, performed the same or similar duties and who were also underpaid, indicating widespread wage and hour violations affecting a large number of employees and Prospective Collective Action Members. Liang's Aff. ¶¶ 13-17.

**E.   The Court Should Approve Plaintiffs' Proposed Notice.**

Plaintiffs request that the Court authorize them to send the Proposed Notice of Pendency ("Proposed Notice'), annexed hereto as "Exhibit 04," to all individuals who have worked in a non-managerial position for the Defendants at any time from February 10, 2009 to the present, and the Consent to Join Lawsuit Form, annexed hereto as "Exhibit 05." Plaintiffs also propose that a 90 day opt-in period be contained in the Proposed Notice. The Proposed Notice is "timely, accurate, and informative," and should therefore be approved. *Hoffmann-La Roche*, 493 U.S. at 172. Further, the Proposed Notice contains the same language as that which was approved by Judge Berman in *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 WL 7863502 (S.D.N.Y May 9, 2008). Finally, since a majority of the employees of the Defendants are Chinese immigrants not well versed in the English language, Plaintiffs respectfully request that all notices or posts to the employees' attention be in both English and Chinese.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this court: (1) conditionally certify this case as a collective action; (2) order the Defendants to produce a Microsoft Excel data file containing contact information, including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, Social Security numbers, work locations, and dates of employment for all those individuals who have worked for the Defendants as a non-managerial employee between February, 10 2009 and the date this Court decides this Motion; (3) authorize the issuance of the Proposed Notice and Consent to Join Lawsuit Form to all individuals who have worked for the Defendants as a non-managerial employee between February 10, 2009 and the date this Court decides this Motion and a reminder notice during the opt-in period; (4) authorize equitable tolling of the statute of limitation pending the expiration of the opt-in period; and (5) order the Defendants to post the approved Proposed Notice in conspicuous locations at all the locations where the Prospective Collective Action Members worked, or are now working.

Dated:   Flushing, New York
         October 25, 2012

                                               Respectfully submitted,
                                               John Troy & Associates, PLLC.
                                               *Attorneys for Plaintiffs*

                                        By:   _____/s/_____
                                                   John Troy, Esq.
                                                   41-25 Kissena Blvd., Suite 119
                                                 Flushing, NY  11355
                                                 Tel:  (718) 762-1324
                                                 Fax:  (718) 762-1342
                                                 johntroy@troypllc.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed and served this motion using the Court's CM/ECF system upon Defendants, J.C. BROADWAY RESTAURANT, INC. d/b/a EMPIRE SZECHUAN UPPER MANHATTAN, EMPIRE SZECHUAN NOODLE HOUSE, INC. d/b//a EMPIRE SZECHUAN WASHINGTON HEIGHTS, SZECHUAN RESTAURANT OF COLUMBUS, INC. d/b/a EMPIRE SZECHUAN KYOTO, CHING CHOU WU a/k/a JOE WU, AH FONG CHANG a/k/a MISA CHANG, ERIC C.F. MA, JESSICA MA, and BETTY, through their counsel Joshua Zuckerberg, Esq., of Pryor Cashman LLP., 7 Times Square, 40th Floor, New York, New York 10036, jzuckerberg@pryorcashman.com

      /s/ John Troy
John Troy, Esq.
John Troy & Associates, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, New York 11355
Tel: (718) 762-1324
johntroy@troypllc.com