UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHENG CHUNG LIANG, TEH KUI SUN, and FU HSIUNG CHEN,

                Plaintiffs,

v.

J.C. BROADWAY RESTAURANT, INC., *et al.*,

                Defendants.

12 Civ. 1054

**OPINION**

---

    This is a wage-and-hour action brought by three chefs, Cheng Chung Liang, Teh Kui Sun, and Fu Shiung Chen, against their employers. They allege that they were not paid a minimum wage, were not paid for overtime, and did not receive "spread of hours" wage premiums.[1] 29 U.S.C. §§ 201 *et seq.*; N.Y. Lab. Law §§ 650 *et seq;* NYCRR § 137-1.7. Defendants are the companies that operate the three restaurants where plaintiffs worked, the managers of those restaurants, and one individual, Ah Fong Chang, who allegedly owned the restaurants.

    Presently before the court is a motion to conditionally certify this as a collective action under 29 U.S.C. § 216(b). The proposed collective action would include all hourly, non-managerial workers presently or formerly employed by defendants in the last three years at any of the several restaurants they operate.

---

[1] A "spread of hours" premium is an amount that, under certain circumstances, New York law requires an employer to pay a worker in addition to his base wage when the worker is made to work more than ten hours in one day.

The motion is granted.

For the action to be conditionally certified the court need only conclude that there may be other, similarly situated workers.  While a plaintiff is required to make a "modest" factual showing in support of the motion that rises above mere unsupported allegations, the standard of proof remains low.  Typically this evidentiary burden may be satisfied by credible witness affidavits, including affidavits by plaintiffs.  See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).  This modest evidence must tend to show that there may be other workers who were victims of the same policy or plan, subject to relevantly similar pay provisions, and whose job responsibilities were similar with respect to the responsibilities that might trigger exemptions from fair labor laws.  At this stage the court's task is only to conclude whether there may be other similarly situated workers.  Only after these potential class members are identified, and a fuller record developed, does the court make a more thorough examination of whether each worker is, in fact, similarly situated, potentially de-certifying the class if they are not.  See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010).

To carry this burden, plaintiff relies upon the allegations in the complaint, Liang's affidavit, and a supposed admission in defendants' answer that they have adopted a policy of treating all of their workers as exempt from the FLSA and NYLL requirements.

The first and last of these bases are insufficient.  The allegations in the complaint are just that: allegations.  It is well established that allegations, without more, are insufficient to support even conditional certification. See Myers, 624 F.3d at 555.  Plaintiffs' reliance on

defendants' answer is also misplaced. The paragraph they cite, para.49, simply asserts as an affirmative defense that defendants are not covered by the FLSA. This is a legal defense, not an admission that defendants have actually operated their businesses as though they were exempt from the FLSA.

Liang's affidavit, however, is adequate evidence. In it, Liang testifies that his co-workers — roughly 20 or 25 workers — were also not properly paid. He knows this, he says, because he and his coworkers would sometimes compare their pay to ensure that everyone had been paid correctly. Liang does not allege that any of these co-workers worked at any restaurants besides the one where he worked, J.C. Broadway. But his testimony that Ah Fong Chang appeared to supervise J.C. Broadway's activities suggests that she may have been the source of the restaurant's allegedly illegal labor practices and, thus, there is some reason to believe that these policies may have been instituted at the other establishments she owned. Therefore, Liang's testimony provides adequate evidence to indicate that employees at other restaurants controlled by defendants may be similarly situated.

Defendants contend that, because each of the named plaintiffs was a chef, they cannot be similarly situated to workers who filled other roles at defendants' restaurants, such as waiters and dish washers. But, for employees to be similarly situated, it is not necessary that they have the same job responsibilities. Rather, they must have the same "job requirements ... *on which the criteria for many FLSA exemptions are based.*" Id. (emphasis added). Differing job responsibilities are relevant to the analysis to the extent

that these differences might trigger exceptions to the wage and hour laws for some workers but not others. Defendants have given no indication that the differing job responsibilities of chefs, waiters, dish washers, etc. trigger any differing legal treatment under the FLSA or NYLL. Therefore, it appears appropriate to provisionally include these workers in the collective action.

Defendants also argue that two of the three named plaintiffs are unsuitable to represent the class in a collective action. Liang, they allege, was a managerial employee and, thus, was exempt from the FLSA. And Chen, they allege, has represented to defendants that he does not wish to be a plaintiff in this action. For the purposes of this motion, however, plaintiffs' evidence — in the form of Sun's affidavit — is sufficient to establish that Liang may not be an exempted employee and that, therefore, there may be class members with whom he is similarly situated. Similarly, defendants' allegation that Chen has told them he does not wish to be a plaintiff in this lawsuit is not sufficient, in the absence of any corroborating evidence, to establish that he would be an unsuitable representative. And in any event, whatever Liang and Chen's merits as representative plaintiffs, there is a third named plaintiff, Sun, whose suitability to represent the class appears uncontested.

Defendants have not opposed plaintiffs' ancillary requests to 1) approve the form of their notice to potential class members, 2) toll the statute of limitations for class members' claims until the end of the opt-in period, and 3) request production of class members' contact information from defendants. These appear to be sensible steps to facilitate the


efficient and fair execution of the opt-in process. Accordingly, the motion is granted in these respects as well.

Plaintiffs' motion to conditionally certify this as a collective action is granted. Plaintiffs' proposed notice and opt-in forms are approved, and plaintiffs' request to post these materials in a conspicuous location in defendants' New York restaurants is granted. Because it is disputed whether defendants' alleged violations were willful, the notice should err on the side of over-inclusivity and indicate that it covers violations that have occurred within the last three years (the statute of limitations for claims of willful FLSA violations). The statute of limitations for potential members' causes of action under FLSA and NYLL and related claims is tolled until the conclusion of the 90-day opt-in period. Defendants are directed to provide plaintiffs with complete contact information, including dates of employment and work locations for all of defendants' former and current non-managerial employees who were employed by defendants at any time during the three years prior to the date of this order.

So ordered.

Dated:   New York, New York
         May 23, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 23, 2013